Islam Mohamed ISMAIL, Petitioner,

v.

Alberto R. GONZALES, Attorney General of the United States, Respondent.

No. 06–4291–ag.

United States Court of Appeals, Second Circuit.

July 12, 2007.

656

Matthew L. Guadagno, Bretz & Coven, LLP, New York, N.Y., for Petitioner.

Gregory A. White, U.S. Atty. for the Northern District of Ohio, Betty J. Konen, Asst. U.S. Atty., Cleveland, Ohio, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Islam Mohamed Ismail, a citizen of both Yemen and Egypt, seeks review of an August 18, 2006 order of the

BIA affirming the March 30, 2005 decision of Immigration Judge ("IJ") Margaret Mc-Manus denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Islam Mohamed Ismail,* No. A73 574 459 (B.I.A. Aug. 18, 2006), *aff'g* No. A73 574 459 (Immig. Ct. N.Y. City Mar. 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ Regarding Ismail's asylum claim based on return to Yemen, substantial evidence supports the IJ's finding that "There is absolutely no evidence that [Ismail] has demonstrated past persecution on any ground in Yemen." [JA 42] Ismail's testimony does not claim any adverse action taken against him in Yemen.

■ His claim of fear of future persecution was also properly rejected. First, the arrest of his father, which occurred more than a decade before Ismail's merits hearing, concerned an attempt to locate Ismail in order to require him to serve in the military. Avoiding military service is not a protected ground for asylum eligibility. *See Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005). Second, Ismail admitted that he had no evidence indicating that the government sought him for arrest after 1996 or that he would face persecution upon return to Yemen. Thus, the IJ did not err in finding that Ismail failed to demonstrate that he would be singled out for persecution in Yemen. *See, e.g., Kambolli v. Gonzales,* 449 F.3d 454, 457 (2d Cir.2006). In addition, although the most current country report in the record indicates some human rights problems in Yemen, the IJ reasonably found that there was no evidence that members of the Democratic Republic Party of Yemen, of which Ismail was a member, still face harm in Yemen. In fact, the report stated that "with the encouragement of the government, prominent southern journalists, military officers, and their families who fled the country during the 1994 war of secession returned to the country, including prominent persons from the secessionists of the [DRY]." Accordingly, the IJ's conclusion that Ismail failed to establish a well-founded fear of persecution on account of his political opinion is supported by substantial evidence.

■ Ismail's only purported fear of returning to Egypt stemmed from his fear that Egypt would extradite him to Yemen, where he claims he would face persecution. The IJ denied Ismail's asylum claim to Egypt because he failed to prove that, even if extradited to Yemen, he would then face persecution in Yemen. However, as explained above, the IJ did not err in determining that Ismail failed to prove a reasonable likelihood of persecution in Yemen. Thus, the IJ's denial of Ismail's asylum claim to Egypt is also supported by substantial evidence.

Because Ismail was unable to show the objective likelihood of persecution needed to establish a claim for asylum to either Egypt or Yemen, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). In addition, the IJ's denial of Ismail's CAT claim is not erroneous. Since Ismail was unable to establish a reasonable possibility of facing persecution upon return to Yemen, and his CAT claim was predicated on the same facts as his other claims, he also failed to prove that he would likely face torture in Yemen. *Kyaw Zwar Tun v. INS,* 445 F.3d 554, 567 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).